

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable Luther C. Johnston
County Attorney
Anderson County
Palestine, Texas

Dear Sir:

Opinion No. O-2842
Re: Has the County ghrough its commissioners' court the authority to participate with county funds with the City of Palestine and the Palestine Independent School District in the construction of a building to house a Federal National Youth Administration project which will be used to give youths between the ages of 18 and 24 years work experience in radio, woodwork, machine work and sheet metal work.

Your letter of October 22, 1940, requesting the opinion of this Department upon the above stated question, has been recieved.

It is stated in your letter that:

"It is the writer's information that the National Youth Administration is not a relief agency such as is the W. P. A. and consequently would not come within the purview of Articles 3272a-2 and 2372e, Vernon's Annotated Civil Statutes. . . ."

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

Article 2372e, supra, provides in effect that the county commissioners' courts of this State are authorized to purchase materials for the purpose of aiding and cooperating with the agencies of the State and Federal Governments in the construction of buildings for the purpose of housing canneries and canning factories where appropriations have been or may hereafter be made out of the Federal and State funds set aside for the relief of the unemployed and needy people of the State of Texas and to pay for such materials out of the county's permanent improvement fund. Article 2372e-2, supra, provides in effect that the county commissioners' court of any county in this State is authorized to lease, rent or provide office space for the purpose of aiding and cooperating with the agencies of the State and Federal Governments engaged in the administration of relief to the unemployed and needy people of the State of Texas, and to pay the regular monthly utility bills for such offices, such as lights, gas, and water and when in the opinion of the majority of the commissioners' court of the county such office space is essential to the proper administration of such agencies of either the State or Federal Governments, said court is specifically authorized to pay for the same and for the regular monthly utility bills for such offices out of the county's general fund by warrants as in the payment of such other obligations of the county.

We agree with your statement, above quoted, that the National Youth Administration is not a relief agency that would come within the purview of the above mentioned articles.

It has long been held in this State that the commissioners' courts are courts of limited jurisdiction without any power or authority except such as is expressly conferred or exist by necessary implication. El Paso v. Elam, 106 S.W. (2d) 393; Howard v. Henderson County, 116 S.W. (2d) 479; Hill County v. Bryant & Huffman, 264 S.W. 520; Commissioners' Court v. Waller, 15 S. W. (2d) 568.

In the last case cited in support of this proposition, Judge Pierson, speaking for the Supreme Court, approved and confirmed the holding of the Court of Civil Appeals on this proposition, reported in 281 S.W. 573. In the Court of Civil Appeals case, Judge Barcus of the Waco Court said:

"The commissioners' court is a creature of the State Constitution and its powers are limited and con-

trolled by the Constitution and the laws as passed by the Legislature."

We have made a careful search of the statutes and numerous cases and have failed to find any authority that expressly or by implication authorizes the commissioners' courts to expend county funds for the purpose above mentioned. Therefore, you are respectfully advised that it is the opinion of this Department that the commissioners' court does not have the legal right or authority to participate with the City of Palestine and the Palestine Independent School District in the construction of a building to house a Federal National Youth Administration project to be used for the purposes as above stated and expend funds therefore or in connection therewith.

Trusting that the foregoing fully answers your inquiry, we are

Yours very truly

ATTORNEY GENERAL OF TEXAS

By          /s/
      Ardell Williams
      Assistant

AW:BBB

APPROVED OCT 26, 1940

/s/ Gerald C. Mann
ATTORNEY GENERAL OF TEXAS

Approved
Opinion Committee
By B.W.B., Chairman